<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RONALD MORRISON,** | |
| Plaintiff, | |
| v. | Civil Action No.: 12-7297 (ES) |
| **EXPERIAN INFORMATION SOLUTIONS, INC.,** | <u>OPINION</u> |
| Defendant. | |

**SALAS, DISTRICT JUDGE**

### I.   INTRODUCTION

Pending before this Court is Defendant Experian Information Solutions, Inc.'s ("Defendant" or "Experian") motion to dismiss *pro se* Plaintiff Ronald Morrison's ("Plaintiff") Complaint. (D.E. No. 4-1, Defendant's Mem. in Supp. of its Mot. to Dismiss ("Def. Mov. Br.")). Plaintiff does not oppose Defendant's motion to dismiss. The Court exercises jurisdiction under 28 U.S.C. § 1331. The Court resolves Defendant's motion without oral argument pursuant to Federal Rule of Civil Procedure 78(b). As set forth below, Defendant's motion is GRANTED.

### II.   BACKGROUND

On or about October 26, 2012, Plaintiff sued Experian in the Superior Court of New Jersey, Essex County. (D.E. No. 1-1 at 6).[1] There, Plaintiff alleged the following two counts,

---

[1] Docket Entry 1-1, an exhibit to Experian's Notice of Removal, is a six-page document that consists of a state court summons, directions to Experian for responding to the state court complaint, Plaintiff's filing fee waiver request to the state court, and a one-page form complaint. (*See* D.E. No. 1-1). When citing these materials, the Court refers to the overall page number in Exhibit A (e.g., "at 2" of 6), not page numbers referenced on individual pages. The Court also notes that, in the state court materials, Plaintiff incorrectly identified Defendant as "Experian," not "Experian Information Solutions, Inc." (*Id.*; *see also* Def. Mov. Br. at 1).

reproduced here exactly as they appear in his Complaint: (1) "Credit Bureau reporting after proof FCRA Section 623 (Cushman v. Trans Union)"; and (2) "Credit Bureau re-aging FCRA Section 605(c) (running of the reporting period)." (*Id.*). This Complaint and related summons were mailed to Experian on November 7, 2012. (*Id.* at 1).

On November 27, 2012, Experian removed Plaintiff's action to this Court on the basis that Plaintiff's Complaint "expressly alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*" and thus asserts a federal question under 28 U.S.C. § 1331. (D.E. No. 1, Notice of Removal ("Removal Notice") ¶¶ 3-4). Experian provided this Court with a certificate of service indicating that the Notice of Removal and related documents were served upon Plaintiff. (D.E. No. 1 at 3). Thereafter, Experian filed the motion to dismiss now before the Court.

### III.   LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (internal quotations omitted).

Notably, the court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). But the court is not required to accept legal conclusions, and

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

The inquiry is "normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

**IV.    DISCUSSION**

In support of dismissal, Experian argues that Plaintiff's Complaint is devoid of any facts at all, much less specific factual allegations of Experian's wrongdoing.  (Def. Mov. Br. at 2).  Experian explains that the Fair Credit Reporting Act ("FCRA") "imposes duties on consumer reporting agencies, users of consumer reports, and furnishers of information to consumer reporting agencies."  (*Id.* at 3 (citing 15 U.S.C. § 1681, *et seq.*)).  As to Plaintiff's first count, Experian avers that Section 623 of the FCRA does not apply to Experian.  (*Id.*).  Experian contends that this section "sets forth responsibilities of furnishers of credit information after they have been notified by a credit reporting agency that the consumer disputes the credit information provided by the furnisher."  (*Id.* (citing 15 U.S.C. § 1681s-2(b))).  Experian asserts, however, that it is a consumer reporting agency, not a furnisher.  (*Id.*).

As to Plaintiff's second count, Experian explains that Section 605(c) "regulates the retention period for various items of consumer information, including bankruptcy filing and adjudication, civil suits, civil judgments, tax liens, collection accounts and closed accounts."  (*Id.* at 3-4 (citing 15 U.S.C. § 1681c)).  Experian argues that Plaintiff's Section 605(c) claim is insufficient because it fails to "state the fundamentals in support of such a claim[,] such as which

account or accounts were allegedly re-aged, when this allegedly occurred, and whether Plaintiff ever contacted Experian to dispute this alleged re-aging." (*Id.* at 4).

As noted above, for a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Here, there are no facts alleged whatsoever. Accordingly, the Court must dismiss Plaintiff's Complaint because it cannot accept what essentially amount to legal conclusions. *See Iqbal*, 556 U.S. at 678; *see also Robinson v. N.J. Dep't of Corr.*, No. 12-4532, 2013 WL 884881, at *3 (D.N.J. Mar. 7, 2013) (dismissing complaint pursuant to Federal Rule of Civil Procedure 8 because "Plaintiff ha[d] provided no specific facts whatsoever to support any allegations against any Defendants" and "[b]y providing no facts or [relevant] allegations . . . Plaintiff ha[d] not shown that he is entitled to relief pursuant to *Iqbal*").

## V. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is GRANTED and Plaintiff's Complaint is dismissed *without* prejudice. The Court grants Plaintiff leave to file an amended complaint—consistent with this Opinion—within 45 days of the accompanying Order.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**